IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUY M. BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15cv1486 |
| | ) | **Electronic Filing** |
| UNITED STATES POSTAL | ) | |
| INSPECTION SERVICES, | ) | |
| DEPARTMENT OF EDUCATION, | ) | |
| ARMY REVIEW BOARD AGENCY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM
## AND ORDER OF COURT

Guy M. Bailey ("plaintiff") commenced this proceeding by filing a motion to proceed in forma pauperis and attaching to it a "complaint" seeking redress for the alleged failure of defendants to comply with their respective statutory mandates and otherwise respond to plaintiff's multiple complaints and/or requests for action. See Proposed Complaint (Doc. No. 1-1) at 1. The substantive information in plaintiff's "complaint" begins as follows:

> On February f 2014, I had submitted eight online Complaints through the U.S. Postal Inspection Services, a Federal law enforcement agency due to circumstances involved with mail items and parcels disclosed. In accordance with Pursuant to Title 39, Chapter 36, Part IV, Subchapter V, of the United States Code. The U.S. Postal Services shall provide adequate as proficiently Postal Services by regulatory commission. These mail items consisted of items related to evident iary documents which applied to related incidents. Up to date, upon having filed 16 online Complaints I have not received these items listed was disclosed. Upon having reported these incidents related to these mail items to the U.S. Postal Inspection Services. On February 2014, Plaintiff Guy M Bailey alleged the U.S. Postal Inspection Services failed a compliance. In accordance with Title 39, Chapter 1 Section 101 of the U.S. Postal Office thru certified mail processes By requirement, postal mail services via certified mail process notice by letter based upon notification. Based upon Postal Policy not for regular bulk rate postal mail item, but for first class postage mail items. Through online methods of researched there were actually tracers placed on first class mail, disclosed. Therein based upon these incidents which occurred at U.S. Postal

> Service in Mckeesport, Pennsylvania. On the second visit I walked in report incidents o the U.S. Postal Services to that Postal Clerk or worker. Up to this point, there were numerous times through mail, faxes, as well as electronic e-mail messages, had indicated chronology of events disclosure of the dates reported that I had not been receiving mail. For purpose of return mail disclosed of each mail item at least 10-15 mail replies that had been mailed. Unexpectedly, during which specified period of time and timeframe extenuating up to a 2 ½ year period. In regards to the Complaint the U.S. Postal Services mail items disclosed had to do with documentation. Therein these substantive documents including mail items had to with a Court Case pending Court of Law. Plaintiff Guy M Bailey seeking relief against Defendant for these chronology of events that were involved. Therein retrieval of these mail items through the enforcement of the Federal Law enforcement agencies. Under Title 39, Chapter 4, Section 101, Part V, U.S. Postal Policies enforceable of the United States Code. Enacted by an act of Congress through legislature appointed hereby authorized by the U.S. Constitution. The U.S. Postal Offices shall provide postal services rendered to all communities, areas as was warranted. Basically functions of these postal mail service provided by the Federal Government of the United States. In compliance with Title 39, Section 101, based upon the mail items the investigation was not conducted. Up until this point, through U.S. Postal Inspection Services I hadn't received a letter based on notification.

Complaint (Doc. No. 1-1) at 1-2. It continues in a similar manner for several more pages.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[2] Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court finds plaintiff to be without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed in forma pauperis.

In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. Id. at 327. An example of the first is

---

[2]This provision is now codified at §1915(e)(2)(B)(i).

where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional. Id. In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

A review of plaintiff's "complaint" as amended reveals that it fails to state a claim upon which relief can be granted. It is based on both indisputably meritless legal theory and factual contentions which are at the very least fanciful. The complaint is devoid of any sound basis to infer or assume that any of the named defendants committed an actionable wrong against plaintiff. In addition, plaintiff lacks standing to complain of the agency compliance issues which he attempts to pursue.

It follows that the complaint is grounded in indisputably meritless legal theory, is otherwise fanciful and identifies wrongs for which plaintiff lacks standing. Accordingly, the following order is appropriate.

**ORDER**

AND NOW, this 26th day of February, 2019, for the reasons set forth in the memorandum above, IT IS ORDERED that [1] plaintiff's motion to proceed in forma pauperis be, and the same hereby is, **GRANTED.** The Clerk of Court shall file [1-1] as plaintiff's "complaint" in this action; and,

IT IS FURTHER ORDERED that plaintiff's "complaint" be, and the same hereby is, **DISMISSED** as frivolous, for failure to state a claim and for lack of standing.

                                             s/David Stewart Cercone
                                             David Stewart Cercone
                                             Senior United States District Judge

cc:     Guy M. Bailey
        P.O. Box 15
        McKeesport, PA 15134

        (*Via First Class Mail*)